### R. B. Sinnickson, Appellant, v. William Richter, Appellee.

1. CONTRACTS—*when language of, will not be construed.* If a contract is clear, the language employed will be given its full force and effect.

2. NEGOTIABLE INSTRUMENTS—*what essential to establish defense of fraud in execution.* Fraud in the execution sufficient to bar recovery upon a note in the hands of an innocent third party, must pertain to the signature and the delivery, and the evidence must go to the extent of showing that the maker did not know or understand the kind of instrument he was executing.

Attachment. Appeal from the Circuit Court of Effingham county; the Hon. S. L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1907. Reversed and remanded. Opinion filed September 13, 1907. Rehearing denied February 27, 1908.

W. S. HOLMES, for appellant.

WRIGHT BROS., for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

On November 10, 1896, Sylvester F. Gilmore gave to R. B. Sinnickson, appellant, his promissory note for $20,700, payable in five equal annual installments commencing January 1, 1898, with seven per cent. annual interest from January 1, 1897. Upon the back of the note was written the following guaranty, signed by fifty-eight persons, the appellee, William Richter, being one of them.

"EFFINGHAM, ILLINOIS, Nov. 10. 1896.

In consideration of the acceptance of the within note of S. F. Gilmore bearing even date herewith, by R. B. Sinnickson, we severally agree that if said Gilmore shall fail to pay the same as the installments mature, that we will each pay to the said Sinnickson the amount of three hundred forty-five ($345) dollars, with seven per cent. annual interest from January 1, 1897, the same to be paid only in instalments as they mature, acording to the said note of the said Gilmore, and it is expressly understood that the liability which is several and not joint, of the subscribers hereto, shall in no event exceed the sum of $345 as above stated, and payable in five equal annual installments, commencing January 1, 1898, and it is further understood that if the number of persons executing this agreement shall exceed sixty, then the individual liability of each shall be only the amount of the note of said Gilmore, divided by the number of signatures hereto."

This suit was brought by appellant in attachment in August, 1901, to recover from appellee the sum guaranteed, $345, and interest. The defendant was duly served and at the October term of the court filed two pleas to the declaration, the first being the general issue and the second setting up fraud and circumvention by Gilmore, the maker of the note, in procuring defendant's signature to the guaranty. A demurrer to the second plea was interposed and overruled, after which issues were joined. At a later term the case

was tried by a jury, which returned a verdict for the plaintiff. This was set aside, a new trial granted and the case continued from term to term until October, 1906, when it was again tried and a jury returned a verdict for the defendant. A motion for a new trial was overruled, judgment entered on the verdict and the plaintiff appealed to this court. Exceptions were preserved and error duly assigned upon the action of the trial court, in giving and refusing instructions, in ruling upon the admission and exclusion of evidence, in denying the motion for a new trial, and in rendering judgment for the defendant.

At the time the suit was brought nothing had been paid on the Gilmore note of $20,700. At the time of the trial it was admitted that there was still due and unpaid March 1, 1906, the sum of $3,292.92, and with interest at seven per cent. from that date would be the sum due on the day of trial. By the terms of the within guaranty copied into the statement of this case, appellee agrees to pay appellant the sum of $345 with interest at seven per cent. from March 1, 1897, in case Gilmore fails to pay his note of $20,700 according to its terms. The only qualifying provision as to the measure of appellee's liability is in the statement that if the number of persons executing the agreement exceeds sixty, then the individual liability of each of the guarantors shall be the amount of the note divided by the number of signatures to the guaranty. The number of signatures did not exceed sixty, so that a reduction in the sum to be paid by apportionment is not within the terms of the written obligation.

This is an action at law upon a written contract and in determining the rights and obligations of the parties, the court may not give to the instrument a meaning different from that expressed by the writing. In law the parties are held to the contract they have made and entered into, and the writing, when clear and unambiguous, is conclusive of its terms. In this case there is nothing in the language used or in the terms

and provisions embodied that admits of a double or doubtful meaning calling for construction or interpretation. It may not be construed to mean other than what is clearly expressed. Unless the appellee can maintain the defense set up in the second plea, viz., that his execution of the guaranty was procured by fraud and circumvention, he is liable to the payment of $345, with interest according to the expressed terms of the writing.

Upon the issue made by the second plea the verdict is manifestly against the weight of evidence. So far as appears in evidence appellant is an innocent holder of the paper, that is, he is in no way connected with the alleged fraud and circumvention. The writing was signed by appellee and delivered and entered into the consideration upon which Gilmore's note was accepted by appellant. To release appellee and bar recovery under the pleading it should appear that the fraud or circumvention practiced by Gilmore upon appellee, at the time he signed the guaranty, was such as to deceive appellee to the extent and purpose that he did not know or understand the kind of instrument he was signing, but acted under the belief that it was another and diferent kind of instrument—or to conform with his testimony in this case, he must have acted under the reasonable belief that it was a paper in which there was no obligation, "nothing to pay." The fraud or circumvention which will avail as a defense to a written instrument in the hands of an innocent party must pertain to the execution of the instrument, that is, must relate to the signature and delivery. It is not sufficient that there were false representations as to matters that entered into the consideration for signing the paper, or that by false and misleading statements the party was induced to execute the writing which otherwise he would not have done. If, by such representations, he has been wronged he must look to the party who wronged him, for in such a case the law will not allow his defense if made against an innocent

party, one who had no part in the fraud complained of. Another proposition is to be considered in this connection. It is well settled in this state that to escape liability on a written instrument on the ground that execution of the instrument was procured by fraud or circumvention, the party who so alleges must show that in executing the instrument he exercised reasonable and ordinary precaution to avoid imposition. Taylor v. Atchison, 54 Ill. 196; Wilcox v. Tetherington, 103 App. 404, and cases there cited. The principle of those decisions is aptly stated in Upton v. Tribilcock, 91 U. S. 45. The court says: "It will not do for a man to enter into a contract and when called upon to respond to its obligations to say that he did not read it when he signed it or did not know what it contained. If this were permitted contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract and if he will not read what he signs he alone is responsible for his omissions."

In Taylor v. Atchison, *supra,* the court says, as to the precaution required: "If able to read readily, he should examine the instrument, or procure it to be read by some one in whom he can place confidence. If he is unable to read, or does so with difficulty, then he may avail himself of the usual means of information, by having it read by some person present. He cannot act recklessly, disregard all usual precautions to learn the contents of the instrument and then interpose the defense against an assignee." As the judgment is to be reversed and the cause remanded, we refrain from further comment upon the evidence, except as may be necessary in discussing other errors to be considered. The testimony of witnesses—signers to the guaranty contract—to conversations with Judge Gilmore in the absence of both plaintiff and defendant in this suit, was inadmissible and highly prejudicial to appellant. The issue on trial was whether or not the signature of appellee had been procured by fraud and

circumvention practiced upon him, and it in no way tended to enlighten the jury upon that question to prove conversations between Gilmore and others. The case of Lockwood v. Doane et al., 107 Ill. 225, cited by appellee as authority for the admission of the evidence to which we have alluded has no application in this case. In actions to set aside the sale or purchase of goods in fraud of creditors, in which the intent of the parties to such sale is the gist of the action, it is permitted to prove representations made in other purchases and sales at or about the same time, or to show the manner in which the party charged with fraud recently obtained goods from creditors, and the manner in which he disposed of them. What Gilmore intended or what Gilmore said to any person other than appellee would be wholly outside the question, whether or not appellee's signature to the guaranty contract was procured by fraud and circumvention. For the same reason the testimony of Eversman and Bergfeldt, after the plaintiff had closed, was incompetent, improper and irrelevant, and should have been excluded. The plaintiff's second instruction was rightly refused for the reason that it took from the jury the question whether or not the defendant exercised reasonable or proper precaution in signing the guaranty. It was for the jury and not the court to say what he should have done under the circumstances appearing in evidence in order that he may not be held to negligence and lack of proper precaution. Appellant's third instruction is a correct statement of the law applicable in the case and should have been given. Complaint is made of appellee's first and fourth given instructions. The first is not in accord with our construction of the contract as herein expressed, and it was error to give it. The fourth instruction is not subject to the criticism made and the proposition of law therein stated is substantially correct. For the errors indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*